**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

CARL STRINGER,

  Plaintiff,

v.

BRUCE CURTIS, Warden,
CORETTA J. SESSON, Mail Room Staff,
K. HAIR, Business Office Staff,
COOPER STREET CORRECTIONAL
FACILITY GRIEVANCE COORDINATOR,
A. BACK, Mailroom Lead Worker,

  Defendants.
_____/

CASE NO. 07-CV-11167

DISTRICT JUDGE NANCY EDMUNDS
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**II. REPORT**

  **A. Introduction**

On June 8, 2007, this *pro se* prisoner civil rights case was referred by United States District Judge Nancy G. Edmunds to the undersigned magistrate judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 9.) Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Parr Highway Correctional

Facility in Adrian, Michigan. In the instant suit filed pursuant to 42 U.S.C. § 1983, Plaintiff seeks one million dollars in damages for "obstruction of the mail." (Compl., Dkt. 1 § IV, Relief.)

Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on April 18, 2007. (Dkt. 4.) After screening the complaint, I conclude that the case is ready for Report and Recommendation.

### B. Standard of Review & Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

The United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act. *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). However, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones*, 127 S. Ct. at 911.

When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although

---

[1] It appears in this case that service was ordered prior to screening.

federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the federal Constitution or laws and (2) that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### C. Discussion

### 1. Defendants Sesson and Hair

The allegations of Plaintiff's complaint are contained in a single paragraph that begins as follows:

> Date of incident, [o]n 9-9-05 Plaintiff submitted a 6.500 Motion for relief from Judgment legal mail into the custody of Arus Kaatz, to be mailed to the Third Judicial Circuit Court, 1441 St. Antoine, Detroit, MI 48226, into custody of Arus Kaatz by (EXPEDITED LEGAL MAIL-PRISONER) Disbursement Authorization. Arus Kaatz turned Plaintiff['s] mail over to mail room staff: Coretta J. Sesson; she dated and placed it in outgoing mail, on 9-12-05 at 10:00 AM, and processed by business office staff: K. Hair, Acct. Asst. E8, Date posted 9-13-05 time 11:56 AM. Plaintiff's legal mail has not reached it's [sic] destination nor was it returned to sender.

(Dkt. 1, Compl. § III, Statement of Facts.)

Thus, Plaintiff's entire "allegation" against Defendant Sesson is that "she dated [his legal mail] and placed it in outgoing mail on 9-12-05 at 10:00 AM . . . ." (*Id.*) I suggest that Plaintiff

3

has failed to state a claim against Defendant Sesson because the complaint does not allege that she in any way violated Plaintiff's rights under any federal law or statute. To the contrary, the complaint alleges that she did exactly what she was supposed to do – process Plaintiff's legal mail.

Likewise, I suggest that Plaintiff has failed to state a claim against Defendant Hair because, again, the Complaint asserts that Defendant Hair processed the legal mail the morning after it was forwarded to the business office; there is no claim that Defendant Hair engaged in any action that prevented the mail from reaching its destination, let alone any action that violated Plaintiff's federal rights.

**2.  Defendants Curtis, Back, and Grievance Coordinator**

The paragraph of "allegations" concludes as follows:

> JCS Correctional Facility Warden Bruce Curtis, Grievance Coordinator, and Mail Room lead worker A. Back have refused to comply or help resolve this matter. They have clearly and recklessly lost Plaintiff Stringer's legal mail and are in violation of Stringer's civil rights, keeping Plaintiff from having access to the courts.

(Dkt. 1, Compl. § III, Statement of Facts.)

Plaintiff's assertion that Defendants Curtis, Back and the grievance coordinator have refused to help resolve the matter of his mail not arriving at its destination similarly fails, I suggest, to state a claim of a federal civil rights violation. It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act or to assist in resolving a situation that a prisoner brings to an official's attention through a grievance or other means of communication. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (defendants could not be held liable for plaintiff's termination from his commissary job when their only roles in the action involved the denial of administrative grievances or the failure to act).

4

### 3. Conclusion

Accordingly, where Plaintiff has failed to allege that any person acting under color of state law committed any act that was in violation of his federal civil rights, I suggest that the case be *sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).[2]


## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E Binder*
                                                CHARLES E. BINDER
Dated: June 26, 2007                              United States Magistrate Judge

---

[2] In the event this Report and Recommendation is adopted, the pending Motion to Dismiss will be moot.

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christine Campbell, served on Carl Stringer by first class mail, and served on District Judge Edmunds in the traditional manner.

Date: June 26, 2007                     By    s/Jean L. Broucek
                                        Case Manager to Magistrate Judge Binder